IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DEBRA THURMAN ATLAS, INDIVIDUALLY
AND AS ADMINISTRATRIX OF THE ESTATE
OF WILLIAM ATLAS, DECEASED                              PLAINTIFF**

**VERSUS                          CIVIL ACTION NO. 3:11cv183-KS-MTP**

**CHRYSLER, LLC, TA DELAWARE, INC.,
TOWER AUTOMOTIVE, LLC,
AND A.O. SMITH CORPORATION                              DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Debra Thurman Atlas's Motion for Remand [45]. Having considered the motion, the response, the record and the applicable law, the Court finds that Plaintiff's remand request should be denied.

## I.  FACTUAL AND PROCEDURAL HISTORY

This matter has a long and winding history to say the least. The Court will attempt to recite below only those circumstances pertinent to the subject Motion [45].

On June 10, 2006, William Atlas was involved in an automobile accident in Jackson, Mississippi that resulted in his death. On January 7, 2009, Debra Thurman Atlas, William Atlas's surviving spouse, filed suit against Chrysler, LLC ("Chrysler") in the Circuit Court for the First Judicial District of Hinds County, Mississippi, alleging strict liability and negligence. Plaintiff claimed that Chrysler was responsible for a defective fuel delivery system in the 1994 Dodge pickup truck that William Atlas was operating at the time of the accident, and that the defective system caused the subject vehicle to burst into flames upon impact. In April of 2009, Plaintiff filed an Amended Complaint adding the following Defendants:  TA Delaware, Inc.; Tower Automotive, LLC; and A.O.

Smith Corporation. In May of 2009, Chrysler filed a Notice of Suggestion of Bankruptcy, indicating that it had filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On May 12, 2009, Defendant A.O. Smith Corporation ("A.O. Smith") filed a Notice of Removal in this Court pursuant to Title 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. (*See* Notice of Removal [1] in Case No. 3:09cv294.) A.O. Smith alleged that the Court had bankruptcy jurisdiction under 28 U.S.C. § 1334(b) as a result of Chrysler's bankruptcy and a separate bankruptcy proceeding involving Tower Automotive, LLC. Also on May 12, Tower Automotive, LLC and Tower Automotive Post-Consummation Trust, legal successor to TA Delaware, Inc. (collectively referred to as the "Tower Defendants"), filed a Notice of Removal in this Court. (*See* Notice of Removal [1] in Case No. 3:09cv295.) The Tower Defendants asserted federal subject matter jurisdiction under § 1334(b) as a result of a petition for bankruptcy filed by Tower Automotive, Inc. n/k/a TA Delaware, Inc. and several of its subsidiaries in the Bankruptcy Court. Neither the Tower Defendants nor A.O. Smith sought removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1]

On June 4, 2009, the Court consolidated Civil Action Nos. 3:09cv294 and 3:09cv295 for all purposes since the Notice of Removal filed by A.O. Smith and the

---

[1] Both the Plaintiff and A.O. Smith posit that the case was not initially removable under § 1332 because some members of Chrysler, LLC are residents of Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the individual citizenship of each of its members).

Notice of Removal filed by the Tower Defendants pertained to the same state court proceeding brought by Debra Thurman Atlas. (*See* Order [13] in Case No. 3:09cv294.) Plaintiff subsequently moved for remand and abstention. (*See* Motion to Remand [17] and Motion to Abstain [19] in Case No. 3:09cv294.) Plaintiff contended that mandatory abstention was required or, alternatively, that discretionary abstention was appropriate; that the removal was procedurally defective because Chrysler did not join in removal; and/or that equitable remand was in order. Defendant A.O. Smith moved to transfer the action to the United States District Court for the Southern District of New York ("S.D.N.Y.") in light of the bankruptcy proceedings involving Chrysler and the Tower Defendants pending in the Bankruptcy Court. (*See* Motion to Transfer Venue [4] in Case No. 3:09cv294.)

On December 8, 2009, the Court entered its Order on A.O. Smith's Motion to Transfer Venue and Plaintiff's request for remand/abstention. (*See* Order [38] in Case No. 3:09cv294.) First, the Court found that it possessed "at least 'related to' bankruptcy jurisdiction under 28 U.S.C. § 1334" since the outcome of the action could have an effect on the aforementioned bankruptcy proceedings. Next, the Court held that there was no procedural defect in removal since "the rule of unanimity" was inapplicable to bankruptcy removals under 28 U.S.C. § 1452. The Court further held that transfer of the proceeding to the S.D.N.Y. was mandatory under 28 U.S.C. § 157(b)(5),[2] and that Plaintiff's request for remand/abstention could be considered in that venue.

---

[2] "[T]he district court in which the bankruptcy case is pending . . ." shall determine whether the tort claims shall be tried before it or before the district court in which the claims arose. 28 U.S.C. § 157(b)(5).

The Plaintiff, A.O. Smith and the Tower Defendants took competing positions regarding proceedings going forward once the case was transferred to the District Court for the S.D.N.Y. The Tower Defendants requested that the case be referred to the Bankruptcy Court. A.O. Smith requested that proceedings continue in the District Court for the S.D.N.Y. The Plaintiff sought transfer of the action back to the Southern District of Mississippi. On March 12, 2010, the District Court for the S.D.N.Y. ruled on the parties' competing positions. (*See* Order [35] in Case No. 3:11cv183.)[3] The case was referred because it fell within the Bankruptcy Court's "core" jurisdiction under 28 U.S.C. § 157(a) to interpret and enforce its orders. The district court also held that it would "entertain (and grant) a motion to send the case back to Mississippi" in the event all of the Plaintiff's claims, except those against A.O. Smith, were resolved in the Bankruptcy Court.

A.O. Smith filed crossclaims (or, in the alternative, third-party claims)[4] for indemnification against the Tower Defendants and Chrysler after the case was referred to the Bankruptcy Court. The Plaintiff subsequently filed notices of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) as to the Tower Defendants and Chrysler in the Bankruptcy Court. A.O. Smith then filed a Notice of Federal Diversity Jurisdiction Due to Plaintiff's Voluntary Dismissal of Certain Defendants ("Notice"). (S*ee* Notice [51-1].) Through its Notice [51-1], A.O. Smith

---

[3] Unless otherwise noted, all docket entry numbers subsequently referenced in this Order correspond with filings in Case No. 3:11cv183.

[4] A.O. Smith provided that the crossclaims should be construed as third-party claims if the Plaintiff's claims against the Tower Defendants and Chrysler were later dismissed.

-4-

indicated that diversity of citizenship jurisdiction existed under 28 U.S.C. § 1332 because it and the Plaintiffs were of diverse citizenship and because the amount in controversy, exclusive of interest and costs, exceeded $75,000.  A.O. Smith further provided that pendent party jurisdiction under 28 U.S.C. § 1367 existed with respect to its third-party claims against the Tower Defendants and Chrysler.  Plaintiff filed a Response [51-2] to the Notice indicating that she believed it had no effect, but reserving her right to seek remand under 28 U.S.C. §§ 1446(b), 1447 and 1452 if the matter was transferred back to the Southern District of Mississippi.

On July 13, 2010, the Bankruptcy Court dismissed A.O. Smith's third-party claim[5] against the Tower Defendants without prejudice to A.O. Smith's ability to seek reconsideration of the dismissal in the Bankruptcy Court in the event the Plaintiff obtained a judgment against A.O. Smith in the underlying action.  In March of 2011, the District Court for the S.D.N.Y. transferred the action back to the Southern District of Mississippi since the Plaintiff's claims against the bankruptcy-related parties (Chrysler and the Tower Defendants) had been dismissed.

On April 7, 2011, the Plaintiff filed her Motion for Remand [45].  The Motion has been fully briefed and the Court is ready to rule.

## II.  DISCUSSION

### A.    The Parties' Positions

Plaintiff seeks remand of this action to Mississippi state court under 28 U.S.C. §

---

[5] The Bankruptcy Court chose to view the claim as a "third-party claim," as opposed to a crossclaim, since the Plaintiff had voluntarily dismissed the Tower Defendants from the lawsuit.

1367(c) or § 1452(b). Plaintiff contends that the Court should exercise its discretion to order remand under either statute since all bankruptcy issues have been resolved and only Plaintiff's state law claims remain. Defendant A.O. Smith chiefly contends that the Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and thus, the Court lacks discretion to remand the proceeding.[6] A.O. Smith relies on the Plaintiff's voluntary dismissal of Chrysler, the nondiverse Defendant, for the existence of diversity jurisdiction in this cause. Plaintiff has not disputed that § 1332's amount in controversy requirement is met or that she and A.O. Smith are of diverse citizenship. Instead, Plaintiff's position is that the Court initially had and still has supplemental jurisdiction over her state law claims, that the dismissal of Chrysler does not affect that jurisdiction, and that the Court should exercise its discretion to remand the claims over which it has supplemental jurisdiction.

B. Analysis

When bankruptcy-related claims giving rise to federal jurisdiction drop out of an action, the district court has discretion to retain supplemental jurisdiction over any remaining state law claims under 28 U.S.C. § 1367. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 455-56 (5th Cir. 1996). Conversely, "[w]hen the district court has original subject matter jurisdiction over state law claims, the exercise of that jurisdiction is mandatory." *Cuevas v. Bac Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011); *see also Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993) ("As with

---

[6] A.O. Smith alternatively argues that none of the factors listed under § 1367(c) weigh in favor of the Court declining to exercise supplemental jurisdiction over Plaintiff's claims. A.O. Smith also contends that equitable remand under § 1452(b) is inapplicable because the Court has original, or alternatively supplemental, jurisdiction over the case.

diversity jurisdiction, federal question jurisdiction is not discretionary with the district court."). For the reasons stated below, the Court finds that it has diversity jurisdiction, and therefore lacks any discretion to grant Plaintiff's remand request.

### 1.   Plaintiff's Voluntary Dismissal of Chrysler Gave Rise to Diversity Jurisdiction Under § 1332

It is well established that subject matter jurisdiction "'depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed" in matters of removal and remand).  The "time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed" when the lawsuit was filed. *Grupo Dataflux*, 541 U.S. at 571.  Thus, diversity jurisdiction will not be found to exist where a defendant is nondiverse from the plaintiff when the complaint is filed, but post-filing events cause the citizenship of the defendant to become diverse. *See id.* at 574 ("[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit") (citation omitted).

Although the time-of-filing rule has long been in place, so has the following exception: "jurisdictional defect[s may be] . . . cured by the dismissal of the party that had destroyed diversity." *Id.* at 572.  Both district courts and courts of appeals "have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party."

*Id.* at 572-73 (citing Fed. R. Civ. P. 21; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989)).  Further, "the voluntary act of the plaintiff" may result in a nonremovable action becoming removable.  *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967) (citing *Great No. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 713 (1918); *Am. Car & Foundry Co. v. Kettlehake*, 236 U.S. 311, 316, 35 S. Ct. 355, 59 L. Ed. 594 (1915)); *see also Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000) ("A case may be removed based on any voluntary act of the plaintiff that eliminates th[e] nondiverse defendant from the case.") (citation omitted).[7]  The United States Supreme Court,[8] the United States Court of Appeals for the Fifth Circuit,[9] and this Court[10] have each applied the exception to the "time-of-filing rule" in cases where circumstances giving rise to diversity jurisdiction occurred after the complaint was filed.

Plaintiff has not rebutted A.O. Smith's position that complete diversity exists as

---

[7] Analogously, 28 U.S.C. § 1447(e) provides that joinder of a nondiverse defendant after removal may destroy diversity jurisdiction and require remand to state court.

[8] *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996) (holding that the "*jurisdictional* defect was cured, *i.e.*, complete diversity was established" when the plaintiff settled with the nondiverse defendant before trial).

[9] *See Estate of Martineau*, 203 F.3d at 911-12 (affirming the district court's exercise of diversity jurisdiction after the nondiverse defendant was effectively eliminated via settlement); *cf. Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("Allstate must prove that federal jurisdiction existed at the time of removal, or, at the very least, have alleged facts *prior to the entry of judgment* in this case that establish federal subject-matter jurisdiction.") (emphasis added; citations omitted).

[10] *See Dale v. First Am. Nat'l Bank*, 370 F. Supp. 2d 546, 551-52 (S.D. Miss. 2005) (denying a motion to remand where the dismissal of a nondiverse plaintiff's claims resulted in complete diversity existing between the parties).

between it and her, or that the amount in controversy (exclusive of interest and costs) exceeds the sum or value of $75,000. The Court's review of the citizenship of the parties[11] and the type of damages[12] sought by the Plaintiff supports A.O. Smith's contention that the requirements of § 1332 are met in the absence of Plaintiff's claims against Chrysler.[13] Therefore, the Court finds that the Plaintiff's voluntary dismissal of Chrysler cured any defect in diversity jurisdiction existing when suit was filed and falls within the above-described "exception to the time-of-filing rule." *Grupo*, 541 U.S. at 572.

---

[11] The Plaintiff is a citizen of Mississippi. (*See* Amended Complaint [1-2 at ECF p. 75] at ¶ 1 in Case No. 3:09cv294.) A.O. Smith was incorporated in Delaware and has its principal place of business in Wisconsin. (*See* Notice [51-1] at ¶ 4.) Thus, A.O. Smith is a corporate citizen of Delaware and Wisconsin for diversity of citizenship purposes. *See* 28 U.S.C. § 1332(c)(1).

[12] Plaintiff seeks damages for wrongful death, including the pecuniary value of the decedent's work life expectancy, pain and suffering of the decedent between the time of the collision and his death, loss of companionship and society, and funeral expenses. Such damages *in toto* meet or exceed the federal jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that it was "facially apparent" § 1332's amount in controversy requirement was met where the complaint asserted damages for wrongful death); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08cv270, 2008 WL 5412311, at *1 n.1 (S.D. Miss. Dec. 23, 2008) (same).

[13] A.O. Smith's remaining claim for indemnification against Chrysler does not destroy diversity whether the claim is considered a crossclaim or third-party claim. *See Caterpillar*, 519 U.S. at 67 n.1 ("third-party complaint . . . had no bearing on the authority of the federal court to adjudicate the diversity claims"); *Estate of Martineau*, 203 F.3d at 912 (finding that defendant's crossclaim for indemnification against an individual with the same citizenship as that of the plaintiff did not "destroy complete diversity"). A.O. Smith's "putative" indemnification claim against the Tower Defendants also affects nothing. (*See* A.O. Smith's Memo. [50] at pp. 11-12 n.8.) As noted above, A.O. Smith's claims against the Tower Defendants were dismissed without prejudice by the Bankruptcy Court. A.O. Smith may reassert those claims in the Bankruptcy Court, but not this Court, if the circumstances noted in the Bankruptcy Court's Order dismissing the claims come to pass.

As noted above, and as will be addressed below, Plaintiff's primary argument in support of remand is that the Court has supplemental jurisdiction over her claims, and thus enjoys discretion to order remand. However, the Plaintiff also appears to argue briefly that diversity jurisdiction does not exist because Chrysler was dismissed more than one (1) year after the suit was filed and 28 U.S.C. § 1446 precludes the removal of actions based on diversity "more than one year after commencement of the action." (*See* Pl.'s Memo. [46] at p. 3.) This argument is not well taken.

Section 1446(c)'s one (1) year limitation on removal on the basis of diversity jurisdiction is plainly inapplicable to this dispute. This action was properly removed to federal court on the basis of bankruptcy jurisdiction existing under 28 U.S.C. § 1334. (*See* Order [38] at pp. 2-3 in Case No. 3:09cv294.) Thus, there was no possibility or necessity of removal under § 1446 or any other removal statute when diversity jurisdiction arose through Plaintiff's voluntary dismissal of Chrysler more than one (1) year after the suit was filed. "[A] party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint [or dismissal of parties] changes the ground for federal jurisdiction." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006).[14] A case pending in federal court cannot be further removed. The one (1) year limitation on removal under § 1446(c) is no bar to the Court's exercise of diversity jurisdiction.

---

[14] *See also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3733 (4th ed.) ("When events after removal do not oust the court of jurisdiction but do eliminate the jurisdictional basis upon which the removal was predicated—as, for example, when the plaintiff drops its federal question claims—the courts should recognize that the case may remain in federal court and that no amendment of the removal notice is necessary to enable the case to do so.").

### 2. Alternative Jurisdictional Bases Are Not to Be Ignored

Plaintiff's principal contention in support of her Motion [45] is that the Court should exercise its discretion to remand the state law claims over which it has supplemental jurisdiction. Such action would require the Court to ignore its original jurisdiction existing over Plaintiff's claims against A.O. Smith pursuant to § 1332. Fifth Circuit precedent and persuasive opinions from the United States Courts of Appeals for the Ninth and Tenth Circuits counsel against Plaintiff's request. *See Cuevas*, 648 F.3d 242; *Adair v. Lease Partners, Inc.*, 587 F.3d 238 (5th Cir. 2009); *Weber v. GE Group Life Assurance Co.*, 541 F.3d 1002 (10th Cir. 2008); *Costco Wholesale*, 471 F.3d 975.

In *Cuevas* and *Adair*, the Fifth Circuit reversed district courts' discretionary grants of remand pursuant to § 1367 where original federal subject matter jurisdiction existed in the actions. *See Cuevas*, 648 F.3d at 247; *Adair*, 587 F.3d at 239, 241. In *Cuevas,* original jurisdiction existed "at the time of remand" under § 1332 notwithstanding the district court's prior dismissal of the sole claim brought under federal law. 648 F.3d at 250. Title 12 U.S.C. § 1819(b)(2) gave rise to original subject matter jurisdiction in *Adair*. 587 F.3d at 245. In both cases, the district courts' exercise of federal subject matter jurisdiction "was mandatory." *Cuevas*, 648 F.3d at 245; *Adair*, 587 F.3d at 245.

The Tenth Circuit in *Weber* repelled a plaintiff's attack on federal jurisdiction under 28 U.S.C. § 1331 by finding that the plaintiff's settlement with nondiverse parties gave rise to diversity jurisdiction under § 1332. 541 F.3d at 1008-09. The *Weber* court could not clearly discern from the district court's docket whether the nondiverse parties had been dismissed from the action. 541 F.3d at 1009 n.1. The court thus exercised its authority under *Newman-Green* "to cure a jurisdictional defect by dismissing a

-11-

dispensable nondiverse party" on appeal. *Weber*, 541 F.3d at 1009 n.1 (citations omitted).

As in *Weber,* the plaintiff's claims in *Costco Wholesale* were removed to federal court on the basis of federal question jurisdiction. *Costco Wholesale*, 471 F.3d at 976. The *Costco Wholesale* plaintiff subsequently filed an amended complaint, eliminating the sole federal claim, and moved for remand. *Id.* The district court found that it had discretion to grant the plaintiff's motion. *Id.* The Ninth Circuit reversed. The district court lacked the discretion to remand because "the amended complaint presented an independent jurisdictional basis for the state law claims, namely diversity." *Id.* at 977.

Plaintiff's reliance on the Fifth Circuit's opinion in *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292 (5th Cir. 2007), in support of remand is unavailing. Plaintiff is correct that the Fifth Circuit recognized "that district courts have supplemental jurisdiction over claims that form part of the same case or controversy with bankruptcy claims." *Id.* at 300 (citing *Publicker Indus. v. United States*, 980 F.2d 110, 114-15 (2d Cir. 1992)). However, unlike this Court, the district court in *In re TXNB Internal Case* had discretion to grant or deny a motion to remand since original jurisdiction under § 1332 was not present. Furthermore, the district court's *denial* of the motion to remand was affirmed. *See In re TXNB Internal Case*, 483 F.3d at 297, 299.

### III.  CONCLUSION

The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 due to Plaintiff's voluntary dismissal of her claims against the nondiverse Defendant,

Chrysler, LLC. The "exercise of that jurisdiction is mandatory" and Plaintiff's Motion for Remand [45] must be denied. *Cuevas*, 648 F.3d at 250.

    IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Remand [45] is denied. Additionally, counsel for the parties are to contact the chambers of the United States Magistrate Judge Michael T. Parker within fourteen (14) days of the entry of this Order to set a scheduling conference in this action.

    SO ORDERED AND ADJUDGED this the 5th day of October, 2012.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE